UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONNA WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-CV-0549-CVE-JFJ |
| | ) | |
| NACISKA GILMORE, LATRESSA AVERY, CHARENE NOWICKI, MARGARET EAGLER, VANNESSA STINNETT, SCOTT WOODSON, ASHLEY DUGGER, and THE OKLAHOMA STATE DEPARTMENT OF HUMAN SERVICES, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). On December 19, 2023, plaintiff Donna Washington filed a pro se complaint and a motion to proceed in forma pauperis. In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees"). Because the Court authorizes plaintiff to proceed without prepayment, she is not required to pay the $52 administrative fee.

Plaintiff alleges that the individual defendants were employed by the Oklahoma Department of Human Services (OKDHS) and illegally removed one of plaintiff's children from her home. Dkt. # 1 at 13-15. Plaintiff claims that her child was "abducted" by defendants based on false claims of medical neglect, and defendants allegedly refused to allow plaintiff access to her child after doctors found no evidence of medical neglect. Id. at 16. The events giving rise to plaintiff's claims allegedly began in June 2018, and plaintiff has previously filed two lawsuits concerning the same allegations asserted in this case. In 2018, plaintiff filed a case alleging that she was unlawfully detained after she refused to allow law enforcement officers and OKDHS employees into her home to take her son to a medical evaluation, and plaintiff claimed that she was unlawfully required to undergo mental health treatment in order to regain custody of her child. <u>Donna Washington v. Oklahoma State Department of Human Services</u>, 18-CV-674-CVE-FHM (N.D. Okla.). On July 12, 2019, the court dismissed plaintiff's case for failure to state a claim, but the court authorized plaintiff to file an amended complaint reasserting certain claims against the individual defendants. Plaintiff filed an amended complaint, but she simultaneously appealed the court's ruling dismissing her claims against OKDHS. Plaintiff ultimately chose to dismiss her claims against the individual defendants and proceed with her appeal, and the Tenth Circuit Court of Appeals affirmed the dismissal of plaintiff's claims against OKDHS on the ground of Eleventh Amendment immunity. In a second case filed in June 2020, plaintiff reasserted the same claims against the same defendants, and plaintiff's claims were once again dismissed. <u>Donna Washington v. Oklahoma State Department of Human Services</u>, 20-CV-267-JWB-JFJ (N.D. Okla). The Tenth Circuit affirmed the dismissal of plaintiff's claims. Plaintiff's complaint in this case is based on the same factual allegations as her previous cases, and she also reasserts the same claims that have previously been dismissed.

Plaintiff has obtained leave to proceed in forma pauperis and the requirements of 28 U.S.C. § 1915 are applicable. See Lister v. Dep't of Treasury, 408 F.3d 1309 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . .(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff has not asserted any new claim that has not previously been dismissed, and she asserts no new argument, claim, or factual allegation that would differentiate this case from her prior

cases. Plaintiff's claims are subject to dismissal for the same reasons stated in the orders of dismissal in her prior cases. The dismissal of plaintiff's claims was affirmed by the Tenth Circuit in both of plaintiff's prior cases, and plaintiff may not continue to relitigate the same claims that have previously been dismissed. Even if plaintiff's claims had not previously been dismissed, her claims would now be barred by the statute of limitations. The statute of limitations for § 1983 claims is borrowed from state law. Lawson v. Okmulgee Cty. Criminal Justice Auth., 726 Fed. App'x 685, 690 (10th Cir. 2018) ("Because there is no applicable federal statute of limitations relating to civil rights actions brought under section 1983, we borrow the limitations period for such claims from the state where the cause of action arose").[1] The Tenth Circuit has held that a two-year statute of limitations applies under Oklahoma law. See id. The events giving rise to plaintiff's claims occurred in 2018 and, even if she were to attempt to assert new claims based on those events, the claims would be barred by the statute of limitations.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for failure to state a claim. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**.

**DATED** this 26th day of January, 2024.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1